**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: May 28, 2019
Date Decided: August 8, 2019

Geoffrey G. Grivner, Esquire
Buchanan Ingersoll & Rooney PC
919 North Market Street, Suite 1500
Wilmington, DE 19801

David A. Dorey, Esquire
Adam V. Orlacchio, Esquire
Blank Rome LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801

Michael P. Kelly, Esquire
Daniel M. Silver, Esquire
Alexandra M. Joyce, Esquire
McCarter & English, LLP
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE 19801

Re: *Murphy Marine Services of Delaware, Inc. et al. v. GT USA
Wilmington, LLC and GT USA, L.L.C.*,
C.A. No. 2018-0664-SG

Dear Counsel:

This state has but one general commercial port, the Port of Wilmington, which is located on the Christina River where it enters the Delaware River, just below the City of Wilmington. The Port has deep-water access to the Atlantic Ocean, and caters to oceangoing commercial vessels. It is owned by the State of Delaware. This matter involves the State's recent privatization of management of the Port of Wilmington. The entity that Delaware has chosen to provide that management,

Defendant GT USA, LLC ("GT USA") has created a subsidiary, GT USA Wilmington, LLC ("GT Wilmington"), to conduct operations at the Port. GT Wilmington entered a contract with Murphy Marine Services of Delaware, Inc. ("Murphy Marine"), a Delaware corporation that has provided stevedoring service at the Port for many years. Under the contract between GT Wilmington and Murphy Marine, the former would purchase the latter, at a price to be set by a third party. The contract has not been consummated, and Murphy Marine has sued GT Wilmington, alleging breach. That cause of action has withstood a Motion to Dismiss, and is proceeding toward trial.

In the same suit, Murphy Marine sued GT Wilmington's parent company, GT USA. That entity also moved to dismiss. In its Amended Complaint, I note, Murphy Marine pleads causes of action arising only from breach of the contract with GT Wilmington. It seeks declaratory and equitable relief for that breach. It does not, however, plead a cause of action under which GT USA, which is not a party to the contract, can be liable for any breach by GT Wilmington. Therefore, GT USA must be dismissed from this matter. My reasoning is below.

## I. BACKGROUND

For purposes of this Letter Opinion, I summarize only the facts pled that are relevant to my decision.[1]  The State of Delaware entered into an agreement with Defendant GT USA to partially privatize management of the Port of Wilmington; for that purpose, GT USA formed GT Wilmington.[2]  Murphy Marine provides stevedore services at the Port of Wilmington.[3]  GT Wilmington offered to purchase Murphy Marine "so that the Port could continue to provide critical stevedoring services without interruption after the change in control" at the Port.[4]  Because the parties were unable to agree on a value for Murphy Marine, they decided to engage an accounting firm to determine Murphy Marine's fair market price.[5]  Accordingly, on July 3, 2018, GT Wilmington and Murphy Marine engaged KPMG LLP ("KPMG") to conduct a pricing analysis.[6]  Shortly thereafter, on July 6, 2018, GT Wilmington and Murphy Marine memorialized their agreement in a Binding Letter Agreement ("BLA").[7]

---

[1] At this Motion to Dismiss stage, I accept all well-pled facts in the Amended Complaint as true. *See Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs. LLC*, 27 A.3d 531, 536 (Del. 2011).
[2] Am. Compl. ¶¶ 24–25.
[3] *Id.* ¶ 23.
[4] *Id.* ¶ 24.
[5] *Id.* ¶¶ 27–29.
[6] *Id.* at Ex. B.
[7] *Id.* at Ex. A.

Murphy Marine alleges that after KPMG issued its initial pricing analysis, the Defendants became angry and criticized KPMG's methodologies.[8] GT Wilmington did not accept the pricing as final and binding. Rather than finalizing its pricing analysis, KPMG withdrew from the engagement.[9]

On September 7, 2018, Murphy Marine and its shareholders brought this action for specific performance and declaratory judgment. Murphy Marine asserted that by failing to honor the valuation in KPMG's initial pricing analysis, GT USA and GT Wilmington breached the BLA and the covenant of good faith and fair dealing.[10] It sought a declaratory judgment that the Defendants are bound by KPMG's pricing analysis, as well as specific performance to enforce the BLA (including KPMG's pricing analysis).[11] After various motion practice, Murphy Marine amended its complaint on January 8, 2019. The Amended Complaint pleads the same three counts: breach of the BLA, breach of the implied covenant of good faith and fair dealing, and declaratory judgment.[12]

The Defendants moved to dismiss the Amended Complaint on January 23, 2019. I held oral argument on the Motion on May 28, 2019. In a bench decision, I denied the Motion to Dismiss as to Defendant GT Wilmington because at this stage,

---

[8] *Id.* ¶¶ 39–52.
[9] *Id.* ¶ 52.
[10] Compl. ¶¶ 57–72.
[11] *Id.* ¶¶ 57–75.
[12] *See* Am. Compl. ¶¶ 58–76.

4

there are issues of fact that must be developed.[13]  This Letter Opinion addresses only whether the Motion to Dismiss must be granted as to Defendant GT USA.

## II. ANALYSIS

On a motion to dismiss, this Court assumes the truth of the facts asserted in the complaint and draws all inferences in the plaintiff's favor.[14]  Nevertheless, a motion to dismiss will be granted "if a complaint does not allege sufficient facts that, if proven, would entitle the plaintiff to relief."[15]

Here, the three counts Murphy Marine pleads in its Amended Complaint all relate to the BLA: breach of the BLA, breach of the duty of good faith and fair dealing inherent in the BLA, and declaratory judgment that the Defendants are bound by KPMG's pricing analysis, in accordance with the BLA.  The BLA, however, is between only two parties: Murphy Marine and GT Wilmington.[16] Although GT USA is named as a defendant in this action, it was *not* a signatory to the BLA.  The KPMG engagement letter, also, was between KPMG, Murphy Marine, and GT Wilmington—not GT USA.[17]

---

[13] *See* May 28, 2019 Oral Argument Tr., at 55:12–57:18.
[14] *See Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs. LLC*, 27 A.3d 531, 536 (Del. 2011).
[15] *Kilcullen v. Spectro Scientific, Inc.*, 2019 WL 3074569, at *3 (Del. Ch. July 15, 2019).
[16] Am. Compl., at Ex. A.
[17] *Id.* at Ex. B.

Under basic contract law, a party cannot be held to a contract without its assent. "A nonparty ordinarily has no rights under [a] contract";[18] correspondingly, it also has no obligations. Murphy Marine has pled no facts, and articulated no theory, under which GT USA can be held liable for breach of the BLA, to which it is a stranger. Because all of Murphy Marine's claims in this matter relate to the BLA, and because GT USA was not a party to the BLA, GT USA must be dismissed as a defendant.

GT USA and GT Wilmington are separate entities, each able to bind itself to contractual duties. Murphy Marine chose to contract with GT Wilmington and not GT USA; likewise, GT USA chose not to contract with Murphy Marine. Our law of contracts recognizes the separate nature of entities and the choice of the contracting parties. Nonetheless, at oral argument, counsel for Murphy Marine advanced two theories under which it argues GT USA can be liable here. First, Murphy Marine alleges that GT Wilmington was acting as a mere agent of GT USA (or the reverse; I confess that I do not clearly understand this argument).[19] In the alternative, Murphy Marine submits that employees of GT USA interfered with the contractually-bound parties' abilities to execute the BLA.[20]

---

[18] *Kronenberg v. Katz*, 872 A.2d 568, 605 n.74 (Del. Ch. 2004).
[19] May 28, 2019 Oral Argument Tr., at 45:20–47:10.
[20] *Id.* at 46:10–21.

Both arguments contain the same fatal flaw. The Amended Complaint contains no facts supporting agency theory, nor does it plead a cause of action based on agency. Likewise, Murphy Marine could have pled (but did not plead) intentional interference with contract, and facts to support that tort. At oral argument, counsel for Murphy Marine orally sought leave to amend the Complaint.[21] Such amendment, however, is precluded by Rule 15(aaa).[22]

### III. CONCLUSION

For the reasons above, the Motion to Dismiss GT USA is granted. To the extent the foregoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*
Vice Chancellor

---

[21] *Id.* at 53:16–19.
[22] Ct. Chan. R. 15(aaa).